(C.D. 2837)

L. BATLIN & SON, INC. v. UNITED STATES

United States Customs Court, Second Division

(Decided November 30, 1966)

Brooks & Brooks for the plaintiff.
Barefoot Sanders, Assistant Attorney General, for the defendant.

Before RAO and FORD, Judges

RAO, Chief Judge: The merchandise covered by the above-listed protests consists of battery-operated lanterns, without batteries, which were assessed with duty at a rate of 19 per centum ad valorem pursuant to the provision in paragraph 339 of the Tariff Act of 1930, as modified by the Sixth Protocol of Supplementary Concessions to the General Agreement on Tariffs and Trade, 91 Treas. Dec. 150, T.D. 54108, for household utensils, not specially provided for, wholly or in chief value of base metal.

It is claimed in said protests that the merchandise in issue consists of articles having as an essential feature an electrical element or

device within the purview of paragraph 353 of said act, as modified by the Torquay Protocol to the General Agreement on Tariffs and Trade, 86 Treas. Dec. 121, T.D. 52739, which are dutiable at the rate of 13¾ per centum ad valorem.

These protests have been submitted for decision upon a written stipulation of counsel for the respective parties hereto to the effect that said merchandise, assessed as above and represented by the invoice items marked "A" and initialed JB, by Examiner J. Bistreich, consists of battery-operated lanterns, without batteries, which contain as an essential feature an electrical element or device, which are not illuminating or lighting fixtures or lamps, and which do not contain any electrical heating elements as constituent parts.

Upon the agreed facts, we hold the merchandise here in issue, identified by invoice items marked and initialed as aforesaid, to be dutiable at the rate of 13¾ per centum ad valorem pursuant to the provision in paragraph 353 of said tariff act, as modified by said Torquay protocol, for articles having as an essential feature an electrical element or device. The claim in the protests to that effect is sustained. All other claims as to this and all other merchandise are, however, overruled.

Judgment will be entered accordingly.